**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

UNITED STATES OF AMERICA, :
 :
v. :
 : CASE NO.: 7:23-CR-00072 (WLS)
TERESA PAULO, :
 :
 Defendant. :
 :

## <u>ORDER</u>

Before the Court are the Government's Motion to Enforce the Local Rules (Doc. 41) and Defense Counsel's Motion to Withdraw as Attorney of Record (Doc. 42). The Court addresses both Motions in turn.

First, the Government moves the Court to enforce Local Rule 47.4 as to Defendant's Emergency Motion for Reduction in Sentence (Doc. 37) and to stay the deadline for the Government's response pending the outcome of its Motion. (Doc. 41). Under Local Rule 47.4, "[e]xcept upon good cause shown and leave given by the court, all briefs in support of a motion or in response to a motion are limited in length to twenty (20) pages[.]" Defendant's Motion is forty-six pages in length, excluding signature and certification pages, thus exceeding the page limitation prescribed by the Local Rules by twenty-six pages. A review of the Docket in this case shows that Defendant did not seek leave of Court prior to filing her Motion.

Upon review, the Government's Motion to Enforce the Local Rules (Doc. 41) is **GRANTED**. The Court will, however, provide Defendant with an opportunity to file the appropriate motion for leave to exceed the page limitation for the Court's consideration. Defendant must file such motion, if she wishes to do so, **within twenty-one (21) days** of the entry of this Order, or **by no later than Thursday, August 6, 2026**. In the event such motion is filed, the Court, in ruling on the motion, will set new briefing deadlines for the Government's response and Defendant's reply as may be necessary.

Alternatively, if Defendant does not file a motion seeking permission to exceed the page limitation by that date, the Court will consider the first twenty pages of the pending

1

motion (Doc. 37) along with the Government's response, which shall be due on **Thursday, August 27, 2026**.

Second, Defense Counsel moves to withdraw as counsel of record for Defendant, citing first, the deterioration of the attorney-client relationship which Counsel contends has made it unreasonably challenging to render effective representation, and second, Defendant's desire to represent herself on the pending post-conviction motions. (Doc. 42 ¶ 1).

Under the Local Rules, defense attorneys in criminal cases generally may not withdraw from representation, absent extraordinary circumstances, until a defendant's direct appeal, if any, is finally decided. M.D. Ga. L.R. 57(D). Here, Defendant executed a waiver of appeal  on September 16, 2024. (*See* Doc. 33). Defendant's case has concluded within the meaning of the Local Rules, and counsel may therefore withdraw without leave of Court because Defendant has waived appeal and is not entitled to appointed legal counsel in this matter.[1] Accordingly, Counsel's Motion (Doc. 42) is **DENIED,** without prejudice, as moot. The Clerk is **DIRECTED** to terminate Attorney Nathaniel Haugabrook as counsel of record in this case.

Because Defendant is now proceeding *pro se*, pending notice of appearance by any new counsel, the Court sets forth the following instructions and reminders. Unless and until Defendant retains substitute counsel who enters an appearance, Defendant is solely responsible for the prosecution of her case. This includes, but is not limited to, keeping the Court informed where notices, court filings, or other papers may be served, making court appearances, timely responding to opposing counsel's motions and requests, familiarizing herself with the relevant rules of procedure, and complying with the Court's orders, including the deadlines set forth herein. Failure or refusal to meet these obligations could result in sanctions or adverse consequences, including and up to the denial of her pending motions for post-conviction relief.

**SO ORDERED**, this 16th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Alternatively, even in light of the pending motions, the Court finds good cause to permit the withdrawal of counsel in this case.